# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALBERTO CRUZ-SANCHEZ,** | : | |
| Petitioner | : | CIVIL NO. 1:07-CV-1475 |
| v. | : | (Judge Conner) |
| **LOUIS FOLINO,** | : | |
| Respondent. | : | |

## MEMORANDUM

Petitioner, Alberto Cruz-Sanchez, an inmate currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), in Waynesburg, Pennsylvania, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 10, 2007. (Doc. 1.) Petitioner has paid the required filing fee. (Doc. 3.) Named as respondent is Louis Folino, superintendent of SCI-Greene. For the reasons that follow, the petition will be transferred to the United States District Court for the Eastern District of Pennsylvania.

**I.    BACKGROUND**

Petitioner asserts that on March 4, 2003, he was convicted in the Court of Common Pleas for Lancaster County ("trial court") of aggravated assault, simple assault, kidnaping, false imprisonment, and intimidation of a witness. (Doc. 1 at 1.) On May 23, 2003, the trial court sentenced him to a term of imprisonment of four (4) to eight (8) years, concurrent with another term of one (1) to two (2) years. (Id.) The

instant petition raises one claim of ineffective assistance of trial counsel for failing to object to the admission of the preliminary hearing notes of a witness.

## II. DISCUSSION

In civil cases, venue may be changed pursuant to 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue for a habeas corpus petition may be transferred under § 1404(a) to a forum where the material events occurred and where the records and witnesses are located. Smart v. Goord, 21 F. Supp 2d 309, 313 (S.D.N.Y. 1998); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).

In the instant action, it is clear that the issue petitioner raises in his petition originated in Lancaster County, which is located within the Eastern District of Pennsylvania. Further, even though petitioner is currently incarcerated in the Western District of Pennsylvania, the records and witnesses involved in petitioner's conviction and sentence are located in the Eastern District. Based on these considerations, the court finds that a change of venue is warranted.

When venue is improper, as in this matter, a court may transfer the matter to the district court "in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, the court will transfer the instant action to the United States District Court for the Eastern District of Pennsylvania.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     September 20, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALBERTO CRUZ-SANCHEZ,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:07-CV-1475** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **LOUIS FOLINO,** | : | |
| | : | |
| Respondent. | : | |

## ORDER

AND NOW, this 20th day of September, 2007, it is hereby ORDERED that:

1. The Clerk of Court is directed to TRANSFER this matter to the United States District Court for the Eastern District of Pennsylvania.

3. The Clerk of Court is further directed to CLOSE this case in this court.


    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge